J-S08032-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| BARRY O. KUHSTOSS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD R. STEELE, SARA JANE | : | |
| STEELE, AND JAMES K. STEELE T/A | : | |
| STEELE'S LUMBER COMPANY AND | : | |
| RICHARD STEELE A/K/A RICK | : | |
| STEELE | : | No. 1092 WDA 2019 |

Appeal from the Order Entered June 27, 2019
in the Court of Common Pleas of Bedford County
Civil Division at No(s): 120 for 2013

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

DISSENTING MEMORANDUM BY McCAFFERY, J.: FILED MAY 27, 2020

I respectfully dissent, as I would affirm the Bedford County Court of Common Pleas' order granting the motion for a preliminary injunction in favor of Donald R. Steele, Sara Jane Steele, and James K. Steele, T/A Steele's Lumber Company and Richard Steele, a/k/a Rick Steele (collectively, the Steeles).

Our Supreme Court has explained:

Appellate courts review a trial court order granting or denying a preliminary injunction for an abuse of discretion. Insofar as issues of statutory interpretation are concerned, however, our review is de novo. Additionally,

> we do not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below. Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the [decree].

Marcellus Shale Coalition v. Dep't of Envtl. Prot. of Pa., 185 A.3d 985, 995-96 (Pa. 2018) (citations omitted and emphasis in original). See also Summit Towne Ctr., Inc. v. Shoe Show of Rocky Mount, Inc., 828 A.2d 995, 1005 (Pa. 2003) (Superior Court cannot reweigh testimony taken by trial court in preliminary injunction matter).

At the hearing on the Steeles' preliminary injunction motion, the trial court reviewed the relevant case authority, statutes, pleadings, and exhibits and made findings on the various relevant factors for granting a preliminary injunction. See N.T. Injunctive Order H'rg, 6/26/19, at 61-64. In granting the Steeles relief, the court considered the effect of Appellant Barry O. Kuhstoss' erecting a chain and/or gate, and acknowledged it could not conclude, at that stage of the litigation, whether the Unenclosed Woodlands Act applied:

> The only reason that . . . I am going to grant the preliminary injunction for now is that it may be arguable that the road itself is enclosed due to [Richard] Steele's testimony regarding the cable that was put across the road and then the gate that was erected against the road. Now, I certainly may be wrong on any interpretation on that because under the statutes, it's an unenclosed woodland.
>
> Now, the other thing that I think is arguable I guess is that the road does begin in not a woodland area. It appears to be the

out buildings there of [Appellant, Barry O. Kuhstoss] that can be seen right there. But I agree with [the Steeles' counsel] that the case law is pretty clear that regardless if it travels through a field at one point, if it travels through woodland that, that statute applies.

However, the preliminary injunction at this point is an equitable remedy. And I think considering that I think the [Steeles] have met all the other elements clearly for the preliminary injunction. I'm not willing at this point . . . to deny the injunction just due to that. I think that it is arguable that that road has been enclosed.

Now, it may not be a strong argument. But given that I take it as genuine, that [the Steeles] cannot access the property at this point except for this road, I am going to grant the injunction. . . .

Id. at 65-66. The court also stated:

Now I, like I said — I'm granting it on equitable reasons. But I'm conceding that this — I'm ruling based on the fact that . . . the statute I don't think is that well-written as to what is an . . . unenclosed woodland . . . .

The case law does really specify that you're not to look at the nature of the ground. You're to look at the nature of the easement. Now if you take that analysis into the wording of the statute, I think the plain language of the statute is unenclosed woodland which kind of means that the enclosure would go around the property, or some way of the property.

I'm looking at an easement. And the testimony here was . . . that there was a cable put across the easement and a gate put across the easement. So, that's the way I 'm saying that this could be exempted from that statute saying that this is an enclosed easement.

Id. at 76.

I disagree with the majority's decision to reverse the trial court's findings and to conclude, instead, that the evidence established that "Hunting Road runs through woodlands that are likely to be considered

'unenclosed woodlands' under the Unenclosed Woodlands Act." See Majority Memorandum at 11. At this stage of the pre-trial proceedings, I would defer to the trial court's findings of fact and affirm the order granting equitable relief in the form of a preliminary injunction.

Accordingly, I dissent.